IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOEANNE ALLEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:09-CV-18 (HL) |
| : | |
| DOLGENCORP, LLC, : | |
| : | |
| Defendant. : | |
| : | |
| _____ : | |

**ORDER**

On April 6, 2010, counsel for the parties appeared before the Court and informed the Court that this case has been settled.

This is a Fair Labor Standards Act ("FLSA") case. As this case does not involve a payment supervised by the Department of Labor, the only way it can be settled or compromised is through "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

The parties have not yet filed the proposed settlement agreement with the Court. They have expressed concern about the settlement amount becoming public record, which could have a chilling effect on their ability to settle hundreds of outstanding FLSA cases between Defendant and its current and former employees.

As stated during the conference, the Court has decided to allow the parties to file the settlement agreement in this case under seal for a period of 18 months. After that time, the agreement will be unsealed and made part of the public record.

The parties are directed to file the settlement agreement with the Court no later than April 9, 2010. They are also directed to provide the following information to the Court:

1. Plaintiff's claimed overtime damages;

2. Plaintiff's claimed liquidated damages;

3. The settlement amount;

4. The distribution of the settlement amount (as between compensation, liquidated damages, and attorney's fees including costs/expenses);

5. The amount of the attorney's fees and/or costs to be paid to Plaintiff's attorneys;

6. The terms of any contingency fee contract that governs this case;

7. The reasonableness of the attorney's fees or costs to be paid to Plaintiff's attorneys, including time sheets detailing the work performed and the rates; and

8. The reason for the compromise of Plaintiff's claim, if she has in fact compromised her claim.

The Court will also allow this information to remain under seal for a period of 18 months.

**SO ORDERED**, this the 8th day of April, 2010.

/s/ Hugh Lawson

**HUGH LAWSON, SENIOR JUDGE**

mbh

**HUGH LAWSON, SENIOR JUDGE**

mbh